UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
EAU CLAIRE DIVISION

| | |
|---|---|
| **DIANE KAROL ROWE,** <br> Plaintiff, <br><br> vs. <br><br> **SYNCHRONY BANK,** <br><br> Defendant. | Civil Action No.: 17-cv-507 <br><br> [Removal from the Circuit Court of Marathon County, Wisconsin, Case No. 17SC1000] |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**

Defendant Synchrony Bank ("Synchrony") hereby files a Notice of Removal for the above-captioned action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, from the Circuit Court of the State of Wisconsin for the County of Marathon to United States District Court for the Western District of Wisconsin. In support of this Notice of Removal, Synchrony states as follows:

1. Synchrony is a named defendant in a small claims lawsuit that was filed on May 9, 2017, in the Circuit Court of Marathon County, Wisconsin, styled *Diane Karol Rowe v. Synchrony Bank*, Case No. 17SC1000 ("State Court Action").

2. On June 1, 2017, Plaintiff Diane Karol Rowe ("Plaintiff") served Synchrony's registered agent with the Complaint and Summons in the State Court Action, a copy of which is attached hereto as **Exhibit 1**.

QB\165153.00003\46710666.1

3. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit 2** is a true and correct copy of all substantive records and proceedings from the state court filed by or served upon Synchrony.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I. Synchrony Has Satisfied The Procedural Requirements For Removal.**

5. Synchrony's registered agent received the Complaint by process server on June 1, 2017. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based. Since the thirtieth day after June 1, 2017 falls on Saturday, the deadline to remove is Monday, July 3, 2017.

6. This Court is the proper division because it embraces the Circuit Court of the State of Wisconsin for the County of Marathon, where Plaintiff's action is pending. See 28 U.S.C. §§ 1441 and 1446(a).

7. No previous request has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

**II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

9. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. See 28 U.S.C. § 1331.

10. Removal of such cases is governed by 28 U.S.C. § 1441(b). Section 1441(b) makes clear that a case brought in state court, raising a federal question, "shall be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." See 28 U.S.C. § 1441(b) (emphasis added).

11. Here, Plaintiff's Complaint purports to assert a claim against Synchrony for billing and computation errors relating to overpayments and deferred interest included in billing statement for Plaintiff's credit cards. See Complaint, generally.

12. The Fair Credit Billing Act, 15 U.S.C. § 1666 et seq. (the "FCBA") governs these disputes, and prescribes an orderly procedure for identifying and resolving disputes between a cardholder and a card issuer as to the amount due on credit accounts. *Gray v. Am. Express Co.*, 743 F.2d 10, 13 (D.C. Cir. 1984); *see also*, *Neiman v. Chase Bank, USA, N.A.,* No. 13-C-8944, 2014 WL 3705345, *2-3 (N.D. Ill. July 25, 2014).

13. Plaintiff's Complaint alleges Synchrony added deferred interest and other amounts, resulting in "overpayment," which if proven would be a violation of a federal statute, the FCBA, and consequently "arises under" the laws of the United States. See 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over this claim.

14. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

15. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendant Synchrony Bank, by counsel, respectfully requests that the above-referenced action, originally filed in the Circuit Court of the State of Wisconsin for the County of Marathon, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated this 30th day of June, 2017.

    Rachel A. Graham
    State Bar No. 1069214

    /s/ Rachel A. Graham
    _____

    QUARLES & BRADY LLP
    33 East Main Street, Ste 900
    Madison, WI 53703
    (608) 283-2460
    Fax: (608) 294-4914
    rachel.graham@quarles.com

    *Attorneys for Synchrony Bank*